## Counterman v. Counterman

*Anthony Roberti*, for plaintiff.

*David A. Martino*, for defendant.

LAVELLE, P.J., December 1, 1982 — This divorce action filed under the Divorce Code of 1980 is before us pursuant to Carbon County Rule 1908(a) on praecipe for review of the complaint and affidavits of the parties and appropriate action.

Plaintiff's complaint, filed February 26, 1982, indicates that the parties were married on September 23, 1978. Plaintiff resides in Parryville, Carbon County, Pa. Defendant resides in Bartonsville, Monroe County, Pa. There are no children born of the

marriage. No issues ancillary to divorce were raised by plaintiff's complaint.

As grounds for divorce, plaintiff alleged that the marriage is irretrievably broken, as defined by Section 201(c) of the Divorce Code, 23 P.S. §201(c). Plaintiff further alleged that defendant has offered such indignities to her, the innocent and injured spouse, as to render her condition intolerable and her life burdensome, as defined by sec. 201(c)(6) of the Divorce Code, 23 P.S. §201(a)(6).

Personal service of plaintiff's complaint on defendant was effected on February 26, 1982. Defendant did not file an answer to the complaint nor was an appearance entered on his behalf.

Plaintiff and defendant filed affidavits of consent on November 9, 1982.

Plaintiff's affidavit of consent was executed on October 21, 1982. Defendant's affidavit of consent was executed on February 26, 1982, the day on which the complaint was filed.

The file presented for our review is otherwise in order. The sole issue before us is whether a decree in Divorce pursuant to §201(c) of the Divorce Code may be entered where an affidavit of consent is executed the day the divorce complaint is filed, and is not filed for several months after its execution. We hold that such an affidavit of consent will not support a valid divorce decree under the 1980 Divorce Code.

## DISCUSSION

Section 201(c) of the Divorce Code provides as follows:

"It shall be lawful for the court to grant a divorce where a complaint has been filed alleging that the marriage is irretrievably broken and that 90 days

have elapsed from the date of filing of the complaint and an affidavit has been filed by each of the parties evidencing that each of the parties consent to the divorce." 23 P.S. §201(c)

The Rules of Procedure implementing the Divorce Code provide, at Rule 1920.42(a); as follows:

"(1) If a complaint has been filed requesting a divorce on the ground of irretrievable breakdown and both parties have filed an affidavit under Section 201(c) of the Divorce Code evidencing consent to the entry of a final decree, the court on motion of either party or its own motion shall review the complaint and affidavits. If in compliance with Section 201(c), the court shall enter a final decree.

(2) The affidavit shall be substantially in the form prescribed by Rule 1920.72(b) and must have been executed

(i) ninety days or more after the filing of the complaint and

(ii) within thirty days of the date the affidavit was filed."

Our review of the record in this case reveals patent non-compliance with Pa. R.C.P. 1920.42.

By executing his affidavit of consent on February 26, 1982, the day on which plaintiff filed her complaint, defendant violates the rule in two critical respects. First, the 90-day waiting period prescribed by Rule 1920.42(a)(2)(i) was not observed. In fact, the face of the affidavit indicates that defendant did not wait a single day after the filing of the complaint before signing the affidavit.

Secondly, the filing of the affidavit occurred more than seven months after the date of its execution. Rule 1920.42(a)(2)(ii), however, mandates filing within 30 days of that date. Defendant's affidavit is therefore over six months off the mark in this respect.

The Court of Common Pleas of Crawford County recently ruled on an analogous situation. In the case of Cale v. Cale, 17 Crawford L.J. 307 (1982), the court was presented with a petition to open a divorce decree, allegedly procured by fraud.

The court found that defendant's affidavit of consent had been postdated some three weeks. The actual date of execution was, as in the instant case, neither beyond 90 days from the filing of the complaint, nor within 30 days of the filing of the affidavit.

In granting the petition to open the decree, the court explained

"The clear purpose of the 90 day waiting period is to give the parties some time to contemplate whether they truly desire a divorce and to provide some time for possible reconciliation. The purpose of requiring the affidavits to be filed within 30 days is to make certain that the desire for the divorce is fresh." 17 Crawford L.J. 308 (1982).

We agree with the rationale and the ruling of our distinguished colleague, Judge Thomas, President Judge of Crawford County.

The parties would be well advised to note that this is not a question which turns on mere formalities or meaningless technical requirements. A rather serious violation of the letter of Rules of Civil Procedure and the spirit of the Divorce Code is involved which should not and will not be countenanced by this court.

Accordingly, it is hereby ordered and decreed that plaintiff's motion for a decree in divorce is denied, without prejudice to the right of the parties to proceed upon the filing by defendant of a proper affidavit of consent to divorce.